IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA WILSON, as mother and next friend of Teniesha Adams, a minor, and TENIESHA ADAMS, </br></br>    Plaintiffs, </br></br>vs. </br></br>PHYLLIS JACKSON, </br></br>    Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)   Case No. 06-cv-0369-MJR</br>)</br>)</br>)</br>)</br>) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Introduction**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeded to jury trial on July 16, 2007. On July 19, 2007, the jury returned a verdict in favor of Defendant, Phyllis Jackson, and against Plaintiff, Teniesha Adams.[1] The Court entered judgment on January 19, 2007. Now before the Court is Defendant's Bill of Costs, filed July 30, 2007. Defendant seeks $1,092.55 in recoverable costs.

**Local Rule 54.2(3)** provides that the party against whom costs are claimed may file specific objections to the bill of costs, "with a statement of reasons for the objections," within ten days of the date the bill of costs was served upon them. If no objections are timely filed, the Clerk of Court max tax and enter costs. If objections are filed, the Clerk of Court does *not* tax the costs

---

[1] The true Plaintiff in this action was Brenda Wilson, as mother and next friend of Teniesha Adams. Wilson also had a claim for medical expenses, incurred by Adams, but for which Wilson was legally responsible. Wilson assigned her medical expenses claim to Adams. For simplicity purposes, the jury verdict form referred only to Teniesha Adams.

but instead submits the bill of costs and objections to the District Judge for review.  Here, Plaintiffs filed objections to Defendant's Bill of Costs on August 11, 2007.  Defendant replied on August 20, 2007. Thus, the Court now rules on Plaintiffs' objections to Defendant's Bill of Costs.

## II.  Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 54(d)** authorizes federal district courts to award costs (as well as attorneys' fees) to prevailing parties in lawsuits.  In fact, the Seventh Circuit has noted that Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees.  *See, e. g., Perlman v. Zell,* **185 F.3d 850, 858 (7th Cir. 1999);** *Luckey v. Baxter Healthcare Corp.*, **183 F.3d 730 (7th Cir.)**, *cert. denied*, **528 U.S. 1038 (1999)**.  A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, **164 F.3d 1065, 1068 (7th Cir.)**, *cert. denied*, **527 U.S. 1005 (1999);** *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985).** Defendants prevail by defeating a claim against them.  *See Perlman***, 185 F.3d at 858-59.**

In relevant part, Rule 54 provides:

> **(d)(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. **FED. R. CIV. P. 54**.

Costs do not include *all* litigation expenses.  Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445 (1987);** *Hairline Creations, Inc. v. Kefalas*, **664 F.2d 652, 655**

**(7th Cir. 1981).**

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

**(1)**   Fees of the Clerk and Marshal;

**(2)**   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

**(3)**   Fees and disbursements for printing and witnesses;

**(4)**   Fees for exemplification and copies of papers necessarily obtained for use in the case;

**(5)**   Docket fees under Section 1923 of this Title;

**(6)**   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

**28 U.S.C. § 1821** spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. ***Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998).**[2]

As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably necessary' at the time it was taken, not whether it was used in a motion or in court." ***Cengr*, 135 F.3d at 454.** Similarly, as to witness fees, actual testimony at trial is not necessary for fees to be recovered. Witness fees compensate witnesses for their *availability* to testify, not their physical presence or actual testimony at trial. ***See Spanish Action Comm. of Chicago v. City of Chicago*,**

---

[2] Another statute, **28 U.S.C. § 1924**, requires that the party filing a bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case.

**811 F.2d 1129, 1138 (7th Cir. 1987)(finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs).** *See also Hurtado v. United States*, **410 U.S. 578, 584-85 (1973)(28 U.S.C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not needed);** *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, **38 F.3d 1429, 1442 (7th Cir. 1994)(costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).**

**Federal Rule of Civil Procedure 54(d)** provides, in relevant part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Weeks v. Samsung Heavy Industries Company, Ltd.*, **126 F.3d 926, 944 (7th Cir. 1997),** *quoting* **FEDERAL RULE OF CIVIL PROCEDURE 54(d)**. This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks*, **126 F.3d at 945**. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined - the court must award costs unless it states good reasons for denying them." *Weeks*, **126 F.3d at 945**, *citing Congregation of the Passion, Holly Cross Province v. Touche, Ross & Co.*, **854 F.2d 219, 222 (7th Cir. 1988)**. "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify denying costs. *Weeks*, **126 F.3d at 945,** *citing id.*

The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance. *Cengr v. Fusibond Piping Systems, Inc.*, **135 F.3d 445, 453 (7th Cir. 1998);** *Gardner v. Southern Railway Systems*, **675 F.2d 949, 954 (7th Cir. 1982)**.

The Court has thoroughly reviewed Defendant's Bill of Costs (Doc. 65) and Plaintiff's objections (Doc. 66) thereto, along with Defendant's Reply (Doc. 68) and, pursuant to the foregoing principles, rules as follows:

- Plaintiffs' objections to submitted costs 2L ($20), 2N ($120), 2M($40) and 2O($190) in the total amount of $370 is **SUSTAINED**. As to 2L and 2N, electronic transcripts are not covered costs, and this request is a duplicate since costs for paper copies has been allowed.  As to 2M and 2O, the costs are denied as partially duplicative of the costs for paper copies , insufficient in detail and lacking in explanation why the paper deposition copies did not include exhibits.

- Plaintiffs' objection to submitted costs 4B is **DENIED**. A photocopy charge of 10 cents per page is reasonable and was incurred by Defendant in responding to Plaintiffs' production request.  There is no obligation on Defendant's part to notify Plaintiffs that she will seek a reasonable copy fee that is approved by **28 U.S.C. § 1920 (4)**.

After the above rulings, the amount of potentially allowable cost in controversy is $722.55.

The Court must now consider Plaintiffs' claim that costs ought not be awarded at all because Wilson and Adams are indigent. The Court notes at the outset that this case was brought by Wilson in a representative capacity as mother of Adams, who was and still is, a minor. Consequently, Adams cannot sue or be sued in her own name, and the Court declines to award costs against her individually as she lacked the capacity to file this improvident lawsuit from the beginning.

The Court recognizes its authority to decline an award of costs based upon the indigence of a party against whom costs are sought. This discretion was reaffirmed in *Rivera v. City of Chicago,* **469 F 3d 631 (7th Cir. 2006)**, where the Court declined the City's invitation to abolish the judicially-created indigence exception.

To consider the indigence exception, *Rivera* requires the Court to conduct a two-step analysis: 1) the Court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future; and 2) the Court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case.

First, the affidavit of Plaintiff Wilson makes it clear she has been permanently disabled since 1997 or 1998, receives $578.00 per month in Social Security Disability Benefits, is unemployed, has no assets and is unlikely to be employed in the future. It is clear she cannot pay the full amount of recoverable costs in a lump sum.

Second, the net amount of allowable costs, after ruling on Plaintiffs' objections is $722.55. By any measure, that amount is low for a case tried to verdict in federal court. There is no evidence that costs were incurred unnecessarily or that any line item was inappropriate or excessive. It is Plaintiff's lack of good faith in bringing this case in the first place, coupled with *Rivera's* teaching that the indigence exception is a narrow one, that drives the Court to award costs, despite Plaintiff's limited ability to pay. To rule otherwise would not provide a disincentive to filing meritless claims for indigent litigants and would punish a party that prevailed in a frivolous lawsuit.[3]

---

[3] On April 22, 2005, Wilson filed a previous lawsuit, as mother and next friend of Teniesha Adams, against, *inter alia,* Cahokia School District #187 and Lela Prince, the principal at Wirth Park Middle School, where Adams was then a student. *Wilson v. Cahokia School Dist. # 187*, Case

The presumption in favor of awarding costs has not been overcome by Plaintiffs, who have the burden. The prospect for success in this case was dubious at best. By the time of trial, one defendant was out of the case completely and several claims against the remaining Defendant, Jackson, had been dismissed or severely restricted.

To disallow costs in the case would be tantamount to the Court placing its imprimatur of approval on a lawsuit that served only to question the previously unblemished record of an impressive educator who clearly cares greatly about the students in her charge. To sue her for battery on the facts of this case can only be described as irresponsible even though that count was voluntarily dismissed. An award of costs may act as a deterrent in the future, as ***Rivera*** recognized.

But because Plaintiff cannot pay the costs in full, the Court will impose a plan that assures payment of costs without placing a punitive burden on her. On or before the 15th day of each month, beginning in October, 2007, Plaintiff Brenda Wilson will pay the sum of $15.00 per month for forty-seven consecutive months and the sum of $17.55 on the 48th month. Payments shall be made to Mr. Donald Ohl, 6100 Center Grove Road, P.O. Box 446, Edwardsville, Illinois 62025.

For docketing purposes, Defendant's Bill of Costs (Doc.65) is **GRANTED in PART and DENIED in PART**. Plaintiffs' Objections to Defendant's Bill of Costs (Doc 66) is **GRANTED in PART and DENIED in PART**. The Court **DIRECTS** the Clerk of Court to tax a total of $722.55 in costs in favor of Defendant Jackson and against Plaintiff Wilson.

**IT IS SO ORDERED.**

**DATED this 30th day of August, 2007**

---

No. 3:05-cv-0297-GPM (S.D. Ill.). On January 19, 2007, the Court granted Defendants' motions for summary judgment and dismissed Wilson's action with prejudice.

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

.